James THOMPSON

v.

TWIN CITY FINANCE
CORPORATION.

Civ. A. No. 750389.

United States District Court,
W. D. Louisiana,
Shreveport Division.

March 26, 1976.

Frank E. Brown, Jr., Huckaby & Piper, Shreveport, La., for plaintiff.

John M. Brown, Shreveport, La., for defendant.

OPINION

DAWKINS, Senior District Judge.

A bench trial of this case was held on January 20, 1976. At issue was Thompson's contention that, in the course of a consumer credit sale, he was injured by defendant's alleged violations of the Federal Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*, and Regulation Z promulgated thereunder, 12 C.F.R. § 226.1 *et seq.*

Jurisdiction is conferred upon us by 15 U.S.C. § 1640(e).

On February 15, 1973, plaintiff agreed to the consumer credit purchase of a 1967 Pontiac automobile owned by Twin City. The seller prepared a disclosure statement revealing, *inter alia,* an amount financed in the sum of $1,363.82, together with a total finance charge of $290.53, representing an annual finance percentage rate (APR) of 25.50%. On August 9, 1974, Thompson and Twin City agreed to refinance the then outstanding balance of principal due on the original note, the sum of $850.00. Twin City again prepared a disclosure statement showing the amount financed, together with a finance charge of $260.61, imposed over the term of 18 months, representing an APR of 35.97%. Plaintiff and defendant then executed, at the same time, the disclosure statement, together with a chattel mortgage and promissory note.

Thompson makes the following contentions as grounds for his alleged injuries:

(1) Twin City's failure properly to disclose its right to accelerate the "unpaid balance" of the obligation upon default of any installment; 15 U.S.C. § 1638(a)(9); Reg. Z, § 226.8(b)(4);

(2) An illegal increase of the APR from 25.50% to 35.97% in the "renewal" of an extension of credit; Regulation Z, § 226.811; and

(3) Twin City's failure to make the required disclosures prior to consummation of the consumer credit sale; 15 U.S.C. § 1638(b).

We shall treat these points separately.

## THE ACCELERATION CLAUSE

Both the chattel mortgage and note contained acceleration clauses. The clause in the note reads:

"Any default in the payment of any one instalment of principal or interest, or either, shall, at the option of the holder hereof, render the then *unpaid balance* immediately due and payable without the necessity of any notice, demand or putting in default."

A like clause in the mortgage provides:

"Default in the payment of any instalment of the principal or interest hereof, or any part of either, shall, at the option of the holder hereof, and without notice or demand, render *the entire unpaid balance of the principal hereof and accrued interest thereon,* at once due and payable  .  .  .."

Where a consumer credit sale is made on terms other than open-end, the Act requires disclosure of the "default, delinquency, or similar charges payable in the event of late payments." 15 U.S.C. § 1638(a)(9). That requirement is implemented at C.F.R. § 226.8(b)(4) of Reg. Z, which provides:

"The amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments" shall be disclosed.

The Regulation further provides:

"Identification of the method of computing any unearned portion of the finance charge in the event of prepayment in full of an obligation which includes precomputed finance charges and a statement of the amount or method of computation of any charge that may be deducted from the amount of any rebate of such unearned finance charge that will be credited to an obligation or refunded to the customer  .  .  ." shall be disclosed. Reg. Z, § 226.8(b)(7).

Shortly after promulgation of Regulation Z by the Federal Reserve Board, the question arose whether an acceleration clause in a loan contract properly should be treated as a "charge" or "prepayment." *Garza v. Chicago Health Clubs, Inc.,* 347 F.Supp. 955 (N.D.Ill., 1972). That decision held "that the acceleration of the balance of the debt should be considered a 'charge'" disclosure of which would be required under the terms of § 226.8(b)(4) of Reg. Z. *Garza, supra,* at 959.

Without discussion of the cases which have followed, modified, distinguished,

or ignored *Garza,* we believe the proper rule to be applied to acceleration clauses was stated in Federal Reserve Board Staff Opinion Letter No. 851. That letter reads:

"§ 226.8(b) The rebate effects of an acceleration of payments clause should be disclosed in the same manner as if prepayment were voluntary and such clause does not constitute a charge for late payment except to the extent that the creditor retains unearned finance charges in excess of that which was disclosed as being rebated

October 22, 1974

This is in response to your letter of . . . inquiring whether an acceleration clause in an instalment contract is a 'charge' payable in the event of late payment within the meaning of § 226.8(b)(4) of Regulation Z and therefore must be disclosed with other required items.

For the purposes of Truth in Lending disclosures, this staff views an acceleration of payments as essentially a prepayment of the contract obligation. As such, the disclosure provisions of § 226.8(b)(7) of the Regulation, which require the creditor to identify the method of rebating any unearned portion of the finance charge or to disclose that no rebate would be made, apply. If the creditor rebates under one method for acceleration and another for voluntary prepayment, both methods would need to be identified under § 226.8(b)(7). Failure to disclose the method of rebate or nonrebate would be a violation of the Truth in Lending Act.

If, under the acceleration provision, a rebate is made by the creditor in accordance with the disclosure of the rebate provisions of § 226.8(b)(7), we believe that there is no *additional* 'charge' for late payments made by the customer and therefore no need to disclose under the provisions of § 226.-8(b)(4). On the other hand, if upon acceleration of the unpaid remainder of the total of payments, the creditor does not rebate unearned finance charges in accordance with the rebate provisions disclosed in § 226.8(b)(7), any amounts retained beyond those which would have been rebated under the disclosed rebate provisions represent a 'charge' which should be disclosed under § 226.8(b)(4).

Sincerely yours,
Frederic Solomon
Director"

■ We are bound to and do give great weight to Staff Opinion Letters of the Federal Reserve Board. *Philbeck v. Timmers Chevrolet Co., Inc.,* 499 F.2d 971 (5th Cir., 1974); *Thomas v. Myers-Dickson Furniture Co.,* 479 F.2d 740 (5th Cir., 1973).

■ The acceleration clause contained in the chattel mortgage plainly would not require disclosure. The language merely asserts a right, in the holder, to declare due and payable, in the event of default of any one instalment, the entire unpaid balance of the principal and *accrued interest thereon.* Since the creditor has expressed no intention to assert a right to retain any *unearned* interest, there is no "charge" which must be disclosed. See discussion in *Barrett v. Vernie Jones Ford, Inc.,* 395 F.Supp. 904 (N.D.Ga., 1975).

However, the acceleration clause contained in the promissory note is ambiguous. Nowhere in that instrument are we told the meaning of the words "then unpaid balance" which the holder may declare due and payable upon default of any one instalment of principal, interest, or either. The term arguably may be said to mean principal and earned, or accrued, interest; on the other hand, it reasonably may evidence the assertion of a right to retain principal, together with both earned and *unearned* interest.

We are aware of the hornbook principle of contract law that ambiguous terms are to be construed against the drafter of the agreement. *Tenneco, Inc., v. Greater Lafourche Port Comm.,* 427

F.2d 1061 (5th Cir., 1970), cert. den. at 400 U.S. 904, 91 S.Ct. 142, 27 L.Ed.2d 141; *Kuhn v. Stan A. Plauche Real Estate Co.,* 249 La. 85, 185 So.2d 210 (1966). However, attention may be focused upon contemporaneously executed written agreements on the same subject matter in an effort to discern the parties' intent. *Mills' Succession v. Manasseh,* 147 So. 77 (La.App., 2d Cir., 1933). As held in *Mills':* " '*Construing with mortgage.* Where a note is executed at the same time as a mortgage given to secure its payment, they are to be read and construed together, as parts of the same transaction, *and hence the terms of the note may be modified by the mortgage.*' 8 C.J. 199." *Mills' Succession v. Manasseh, supra,* at 79. (Emphasis supplied.)

Accordingly, construing the mortgage and promissory note together, we conclude that Twin City merely has asserted a right, as the holder of the note and mortgage, to declare due and payable in the event of any default the outstanding principal balance of the obligation, together with *accrued interest thereon.* Thus there is no "charge," disclosure of which would be required by the Act. Federal Reserve Board Staff Opinion Letter No. 851, *supra.*

### THE REFINANCING

Section 226.811 of Reg. Z provides in part:

"(a) Any renewal of an extension of credit providing for payment of the full principal sum *on a specified date* shall not be considered a refinancing under § 226.8(j), and no disclosures need be made in connection with such renewal, provided: . . .

"(3) The annual percentage rate (or rates) previously disclosed is not increased; . . ." (Emphasis supplied.)

■ Plaintiff's assertion that the quoted section of Reg. Z is controlling is erroneous. The transaction with which we here are concerned did not provide for "payment of the full principal sum on a specified date." Instead the refinancing called for instalment payment of the outstanding balance over a term of 18 months. Accordingly, § 226.811 is inapplicable, and defendant was entitled under federal law to increase the annual percentage rate upon compliance with disclosure requirements. This was done.

### TIME OF DISCLOSURE

■ The documentary evidence, together with the testimony of defendant's office manager, proves beyond cavil that required disclosures were made prior to consummation of the consumer credit transaction. 15 U.S.C. § 1638(b). Accordingly, plaintiff's third contention is without merit.

### CONCLUSION

Having reviewed carefully the testimony herein, together with the documentary evidence in the record, we conclude that defendant's conduct conformed to the requirements of the Truth-in-Lending Act. Accordingly, judgment for defendant hereby is entered. Defendant's counsel shall present judgment accordingly, after approval as to form by plaintiff's counsel, within five days.