James Russell SMITH and Jean Smith, Plaintiffs-Appellees,

v.

AVCO FINANCIAL SERVICES OF LOUISIANA, INC., Defendant-Appellant.

No. 76–1154

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 10, 1976.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Wm. H. Cook, Jr., Shreveport, La., for defendant-appellant.

Frank E. Brown, Jr., Shreveport, La., for plaintiffs-appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Plaintiffs brought this action against the appellant, Avco Financial Services, alleging a violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.,* and Regulation Z, 12 C.F.R. § 226.1, *et seq.,* and asserting as well a pendent state claim. The court below granted summary judgment for plaintiffs on the federal claim. The sole issue on appeal is whether the district court correctly ruled that an acceleration clause contained in the "Chattel Mortgage" in this case was a "charge" required to be disclosed by § 128(a)(9) of the Act, 15 U.S.C. § 1638(a)(9), and § 226.8(b)(4) of Regulation Z, 12 C.F.R. § 226.8(b)(4).

We have recently held that an acceleration clause in a combination chattel mortgage and promissory note did not give rise to a "charge" required to be disclosed under the Act and existing federal regulations. *Martin v. Commercial Securities Company, Inc.,* 539 F.2d 521 (5th Cir. 1976). *See also Meyers v. Clearview Dodge Sales, Inc.,* 539 F.2d 511 (5th Cir. 1976); *Grant v. Imperial Motors,* 539 F.2d 506 (5th Cir. 1976).

Accordingly, we reverse the district court's order and remand for entry of an order consistent with this opinion.

REVERSED and REMANDED.