**In the Matter of Jimmy Whittlesey, Debtor.**

**Jimmy WHITTLESEY, Appellant,**

v.

**FORD MOTOR CREDIT COMPANY, Appellee.**

No. 76–1429

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 10, 1976.

James A. Elkins, Jr., Columbus, Ga., for appellant.

Charles T. Staples, Columbus, Ga., for appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

The sole issue presented by this appeal is whether the presence of an acceleration clause in a contract under the Georgia Mo-

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

tor Vehicle Sales Finance Act[1] constitutes a delinquency charge that, under the Truth in Lending Act[2] and Regulation Z[3] promulgated thereunder, must be disclosed on the face of the contract.

The appellant, Jimmy Whittlesey, entered into an installment contract for the purchase of an automobile. The Ford Motor Credit Company, plaintiff-appellee, was listed as a secured creditor. The appellant subsequently filed a petition under Chapter XIII of the Bankruptcy Act, seeking to effect a plan to pay his creditors. The appellee rejected the appellant's plan and filed its complaint to recover possession of the automobile. The appellant counterclaimed, alleging violations of Regulation Z and the Truth in Lending Act based on the fact that the acceleration clause in the contract he had signed was not on the face but the reverse side of the contract.[4] The appellee filed a motion to dismiss the counterclaim, which the Bankruptcy Judge denied. On appeal the District Court reversed and directed that an order be issued dismissing the counterclaim. The court held that the provisions of the Truth in Lending Act and Regulation Z do not require disclosure of an acceleration clause on the face of the contract. We affirm.

In *Martin v. Commercial Securities Company, Inc.,* 539 F.2d 521 (5th Cir. 1976), we held that in the absence of a regulation expressly requiring it, failure to disclose an acceleration clause and the lender's rebate policy with respect thereto in an installment credit transaction does not give rise to a claim for statutory damages. We said

that the creditor's right to acceleration and the creditor's failure to provide for a rebate of unearned interest in the event of acceleration did not result in "charges" under § 128(a)(9) of the Truth in Lending Act, 15 U.S.C. § 1638(a)(9), and § 226.8(b)(4) of Regulation Z, 12 C.F.R. § 226.8(b)(4). *See also Meyers & Clearview Dodge Sales, Inc.,* 539 F.2d 511 (5th Cir. 1976); *Grant v. Imperial Motors,* 539 F.2d 506 (5th Cir. 1976).

Because the presence of an acceleration clause in the contract in the case at bar did not give rise to a "charge" under the Act as construed in *Martin, supra,* there was no duty to disclose the provision on the face of the contract. Accordingly, the judgment of the district court is

AFFIRMED.

1. Ga.Code Ann. § 96–1001, *et seq.*

2. Consumer Credit Protection Act §§ 102–45, 15 U.S.C. §§ 1601–65 (1970).

3. Federal Reserve Board Truth in Lending Act Regulations (Regulation Z, 12 C.F.R. §§ 226.–1–.1002 (1975)).

4. The applicable provision reads as follows:
(19) DEFAULT
Time is of the essence of this contract. In the event Buyer defaults in any payment or fails to obtain or maintain the insurance required hereunder, or fails to comply with any other provision hereof, or proceeding in bankruptcy, receivership, or insolvency shall

be instituted by or against Buyer or his property, or Seller deems the Property in danger of misuse or confiscation, or Seller otherwise reasonably deems the indebtedness or the Property insecure, Seller shall have the right to declare all amounts due or to become due hereunder to be immediately due and payable and Seller shall have all the rights and remedies of a Secured Party under the Uniform Commercial Code, including the right to repossess the Property wherever the same may be found with free right of entry, and to recondition and sell the same at public or private sale . . .