543 F.2d 568
 Robert P. McDANIEL, Plaintiff-Appellee-Cross Appellant,
v.
The FULTON NATIONAL BANK OF ATLANTA,
Defendant-Appellant-Cross Appellee.
Jan T. BARKSDALE, Plaintiff-Appellee,
v.
PEOPLES FINANCIAL CORP. OF ALPHARETTA, Defendant-Appellant.
James R. BARRETT et al., Plaintiffs-Appellees,
v.
VERNIE JONES FORD, INC., et al., Defendants-Appellants.
 Nos. 75-2410, 75-2514, 75-2515.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 6, 1976.
 
 Marion H. Allen, III, Atlanta, Ga., for appellant in No. 75-2410.
 Albert C. Ruehmann, Atlanta, Ga., for appellants in Nos. 75-2514 and 75-2515.
 Richard R. Cheatham, Atlanta, Ga., for appellants in Nos. 75-2410, 75-2514 and 75-2515.
 Sewell K. Loggins, Douglas N. Campbell, Atlanta, Ga., for amicus curiae Beneficial Finance Co.
 Lundy Baety, Atlanta, Ga., for appellee in No. 75-2410.
 Graydon W. Florence, Jr., Atlanta, Ga., for appellee in No. 75-2514.
 Mary Joyce Johnson, N. David Buffington, Atlanta, Ga., for appellees in No. 75-2515.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before TUTTLE, GOLDBERG and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 These Truth-in-Lending cases, consolidated for oral argument, present the question whether the Act as implemented by Regulation Z requires a creditor to disclose as a default charge the fact that the loan agreement gives him the contract right to accelerate and demand payment of the entire indebtedness, including unearned finance charges, when state law provides only that usurious unearned finance charges may not be exacted in a state court proceeding to collect the accelerated indebtedness. On the authority of Martin v. Commercial Securities Co., 539 F.2d 521 (5th Cir. 1976), we hold that district court decisions in favor of appellee debtors must be reversed.
 
 
 2
 Regulation Z, § 226.8(b)(4) requires that a lender specifically disclose and label the "amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments." Accord, 15 U.S.C.A. § 1638(a)(9) (1976) (similar general provision of Truth-in-Lending Act). The question is whether the payment of accelerated indebtedness constitutes a "default, delinquency, or similar charges . . . payable in the event of late payments."
 
 
 3
 In Martin v. Commercial Securities Co., 539 F.2d 521 (5th Cir. 1976), this Court held that neither an acceleration clause nor the lender's rebate policy with respect to acceleration clauses must be disclosed under the Truth-in-Lending Act. 1976 Slip Opinions at 5961-63; accord, Grant v. Imperial Motors, 539 F.2d 506, 507 (5th Cir. 1976); Meyers v. Clearview Dodge Sales, Inc., 539 F.2d 511, 519 (5th Cir. 1976), rev'g 384 F.Supp. 722 (E.D.La.1974). Appellee debtors contend that Martin held only that acceleration of principal and earned finance charges was not a "default charge" within the contemplation of Regulation Z, § 226.8(b)(4). A careful reading of the opinion reveals that Martin was not so restricted.
 
 
 4
 The Court, in its opinion in the case, noted that the debtor in that case "insists that the creditor's failure to provide for a rebate of unearned interest in the event of acceleration results in a . . . charge that must be disclosed," at 528. The Court then specifically declined to follow an F.R.B. staff opinion letter which maintained that unless a rebate of unearned finance charges in connection with acceleration is made in the same fashion as the rebate of unearned charges in the event of prepayment, a failure to disclose a "default charge" has occurred. 539 F.2d at 528-529 n. 29. Compare F.R.B. Letter No. 851, 4 CCH CONSUMER CREDIT GUIDE # 31,173 (Oct. 22, 1974), with Regulation Z § 226.8(b)(7) (requiring disclosure of policy concerning and "method of computing any unearned portion of the finance charge in the event of prepayment"), and Regulation Z, § 226.8(b)(4) (requiring disclosure of late payment charges). Instead, the Court held that "in the absence of a regulation requiring it, failure to disclose an acceleration clause and the lender's rebate policy with respect thereto in an installment credit transaction does not give rise to a claim for statutory damages." At 529.
 
 
 5
 Further indication that the Court fully appreciated the breadth of its holding is that it labeled Johnson v. McCracklin-Sturman Ford, Inc., 527 F.2d 257 (3d Cir. 1975), as a "narrower" holding than Martin itself. See 539 F.2d at 525. The Johnson Court had held that acceleration of principal and earned finance charges need not be disclosed, but noted that if unearned finance charges were accelerated and collected, then they would have to be disclosed. See 527 F.2d at 265, 267. Martin is, therefore, fully dispositive of the issues raised on this appeal.
 
 
 6
 The established policy of this Court is to recognize the binding effect of a prior decision by another panel of the Court subject only to a reversal of the Court sitting en banc.
 
 
 7
 The judgments appealed from are REVERSED.