**Vera ROYALS, Plaintiff-Appellant,**

**v.**

**RALPH LIPSEY MOTORS and Cay Economy Plan, Inc., Defendants-Appellees.**

No. 76–4082
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 26, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Jack P. Friday, Jr., Savannah, Ga., for plaintiff-appellant.

John R. Calhoun, Savannah, Ga., for Ralph Lipsey.

C. James McCallar, Jr., Savannah, Ga., for Cay Economy Plan.

Before GOLDBERG, CLARK, and FAY, Circuit Judges.

### PER CURIAM:

Mrs. Vera Royals, plaintiff, appeals from the district court's grant of a summary judgment for defendants in her Truth-in-Lending action. We affirm.

Royals purchased by a conditional sales contract a 1974 Buick Regal from defendant, Ralph Lipsey Motors. The contract was assigned to defendant Cay Economy Plan, Inc., and the financing was handled by it. The contract's Truth-in-Lending disclosure statement provided in part that Royals was to make 35 monthly installments of $135 and 1 balloon payment of $1,511.30. Royals went into default and concealed the automobile.

Cay Economy Plan, Inc. exercised its contractual remedy of accelerating the entire amount of the debt owed to it under the contract and seized the automobile in a Georgia State attachment action. At the time of seizure, Royals owed $5,426.30 under the contract's terms, having paid approximately $1,700 toward the purchase price. As Royals was unable to make the demanded lump sum payment of $5,426.30, she forfeited the automobile.

12 C.F.R. § 226.8(b)(3) of the truth-in-lending regulations (Regulation Z) provides in part that creditors must set forth on the front of their Truth-in-Lending disclosure statements

[t]he number, amount, and due dates on periods of payments scheduled to repay the indebtedness and . . . the sum of such payments using the term, "total of payments." If any payment is more than twice the amount of an otherwise regularly scheduled equal payment, the creditor shall identify the amount of such payment by the term "balloon payment" and shall state the conditions, if any, under which that payment may be refinanced if not paid when due. (Footnote omitted.)

Royals argues that defendants' failure to disclose their rights of acceleration in the disclosure statement as a part of "the number, amount, and due dates or periods of payments scheduled to repay the indebtedness" violates 15 U.S.C. § 1638(a)(8) and 12 C.F.R. § 226.8(b)(3) (1975). Royals characterizes defendants' right to accelerate as an entirely different "optional payment schedule" which shortened the time of payment from 35 months to an immediate one-time payment of the entire balance on the contract, and must be disclosed in compliance with section 226.8(b)(3)'s provisions.

In *Martin v. Commercial Securities Co.*, 539 F.2d 521 (1976), this Court was confronted with the contention that acceleration of principal and earned finance charges was a "default charge" that must be disclosed as required by 12 C.F.R. § 226.8(b)(4). We rejected this argument and adopted a *per se* rule that "in the absence of a regula-

tion requiring it, failure to disclose an acceleration clause and the lender's rebate policy with respect thereto in an installment credit transaction does not give rise to a claim for statutory damages." 539 F.2d at 529. As no new regulation requiring disclosure of the creditors' remedy of acceleration has since been enacted, we reject Royals's contention that disclosure of the creditor's contractual right to accelerate is required under section 226.8(b)(3). *See McDaniel v. Fulton Nat'l Bank of Atlanta*, 543 F.2d 568 (5th Cir. 1976);[1] *Whittlesey v. Ford Motor Credit Co.*, 542 F.2d 245 (5th Cir. 1976); *Smith v. Avco Financial Services of Louisiana, Inc.*, 542 F.2d 242 (5th Cir. 1976).

AFFIRMED.

---

1. *McDaniel* has been reheard en banc, 571 F.2d 948 (1978). In that opinion, disclosure of acceleration clauses was required under specified circumstances. However, the court expressly provided that the new ruling was prospective only and did not affect obligations incurred or renewed prior to 90 days after its date. This en banc opinion has no impact in this case.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.