Carrie N. FRANKLIN,
Plaintiff-Appellant,

v.

COMMUNITY FEDERAL SAVINGS AND LOAN ASSOCIATION,
Defendant-Appellee.

No. 79-402C(B).

United States District Court,
E. D. Missouri, E. D.

Oct. 1, 1979.

Kenneth M. Chackes, Chackes & Hoare, St. Louis, Mo., for plaintiff-appellant.

Robert C. Jones, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, Mo., for defendant-appellee.

## MEMORANDUM

REGAN, District Judge.

This is a Truth in Lending action of which we have jurisdiction under 15 U.S.C. § 1640(e). The basic facts relating to liability vel non are not in dispute.

Defendant made a real estate mortgage loan to plaintiff, in connection with which a promissory note and deed of trust were executed. The disputed issues center on the legal sufficiency of the disclosures made by defendant.

Plaintiff first contends that the language in the after-acquired property clause in item J of defendant's disclosure statement fails to comply with the provisions of section 1639(a)(8), 15 U.S.C., and Regulation Z (§ 226.8(b)(5), 12 C.F.R.). These sections require a creditor to disclose, inter alia, "[a] description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates." According to plaintiff, item J of defendant's disclosure statement is not "a clear identification of the property to which the security interest relates" and is therefore misleading since it purports to cover "all" after-acquired property of the plaintiff, when in fact its effect is limited by language in the deed of trust to fixtures and attachments to the mortgaged real estate. From reading item J of the disclosure statement, plaintiff alleges she could have been led to believe

that defendant would have a security interest not only in fixtures and attachments acquired by her after the execution of the note but in all after-acquired consumer goods as well.

We find that plaintiff's first contention lacks merit. Her argument is simply not tenable in this type of case. Had this been a consumer loan we are well aware that many courts have held after-acquired property clauses in consumer transactions to be violative of the Truth in Lending laws when the creditor failed to clearly disclose the true extent of the security interest in after-acquired consumer goods. *Pollock v. General Fin. Corp.*, 535 F.2d 295 (5 Cir. 1976); *Tinsman v. Moline Beneficial Fin. Co.*, 531 F.2d 815 (7 Cir. 1976); *Willis v. Town Fin. Corp.*, 416 F.Supp. 10 (N.D.Ga. 1976); *Johnson v. Associates Fin. Inc.*, 369 F.Supp. 1121 (S.D.Ill.1974). However the case at hand *does not involve a consumer loan* but rather a real estate mortgage loan. In mortgage transactions, the general rule is that after-acquired property clauses in a deed of trust only secure other real estate, or fixtures and attachments to the mortgaged real estate. Cf. *In re Kansas-City Journal-Post Co.*, 144 F.2d 808, 810 (8 Cir. 1944). In no event would after-acquired consumer goods be included therein. Thus plaintiff could not have been misled in this case. Only if there were some possibility of consumer goods being secured by the after-acquired property clause might plaintiff have been misled by the phrase "all *after-acquired property*" when in fact no consumer goods were thereby secured. Therefore, in the case at bar, involving a real estate mortgage transaction, defendant had no reason to state in item J of its disclosure statement that after-acquired consumer goods were not covered by the deed of trust.

1. The third paragraph of the promissory note states as follows:

"If default be made in the payment of any of said debt when due, or in the event said real estate is conveyed or transferred, or should default be made in the performance of any covenant or agreement contained in the Deed of Trust given to secure this indebtedness, the Association, at its option, may declare all unpaid indebtedness evidenced by this note

Plaintiff's second attack on defendant's disclosure statement alleges that the "amount, or method of computing the amount, of any default, delinquency, or similar *charges payable in the event of late payments*" was not disclosed as required by 15 U.S.C. § 1639(a)(7) and section 226.8(b)(4) of Regulation Z, in that nothing contained therein informed plaintiff that (1) she would be responsible for costs of collection, including attorney's fees, or (2) that the interest rate would increase to 10% as provided in the promissory note.

We will first address the "cost of collection" issue. Plaintiff contends that attorney's fees and other foreclosure costs are "charges payable in the event of late payments" and so must be disclosed.[1] We do not agree. This issue has been discussed on several occasions in Federal Reserve Board Staff Opinion letters. The opinions expressed therein have been consistent:

"Specifically you ask whether attorney's fees and foreclosure costs assessed on a nonautomatic basis at the sole discretion of the creditor need to be disclosed pursuant to that section. It is the staff's opinion that, if the imposition of these charges is automatic (for example, if the charges become immediately due and collectible by virtue of default), the charges must be disclosed under § 226.8(b)(4). If, however, the imposition of the charge is not automatic but is conditional upon employment of the services of an attorney to effect collection or expenditure of amounts in conjunction with foreclosure proceedings, such charge need not be disclosed under § 226.8(b)(4)." Federal Reserve Board Official Staff Interpretation No. FC–0054, 42 F.R. 10856, Consumer

and by said Deed of Trust immediately due and payable, and thereupon, the undersigned agree to pay *all costs of collection, including a reasonable attorney's fee.* Failure at times to exercise such option shall not constitute a waiver of the right to exercise it later. *During the period of delinquency interest on the unpaid balance of the debt shall be at the rate of TEN per cent (10%) per annum.*"

Credit Guide (CCH) ¶ 31,552 (March 21, 1977). See also Federal Reserve Board Letter No. 591, Consumer Credit Guide (CCH). ¶ 30,834 (April 10, 1972).

In *Vega v. First Fed. Sav. & L. Ass'n,* 433 F.Supp. 624, 632 (E.D.Mich.1977), the court, when faced with a promissory note with a "collection costs" clause [2] very similar to the one in the present case, followed the FRB staff interpretations, *supra,* and held that where attorney's fees, costs of repossession and other foreclosure charges are imposed at the creditor's election and are not automatic, they need not be disclosed. See also, *Mirabal v. Gen. Motors Acceptance Corp.,* 537 F.2d 871 (7 Cir. 1976).

Although not binding on this Court, we, like the *Vega* court, find the FRB's interpretation of this matter to be reasonable and so apply it to the case at bar. Since the charges here are assessed at defendant's option, they are not automatic. Therefore such collection costs do not have to be revealed in the disclosure statement.

■ We shall now address the interest rate issue. Plaintiff alleges that the one-quarter of 1% increase (from 9.75% to 10%) in the interest rate during a period of default is a delinquency charge due in the event of a late payment and so, under section 1639(a)(7) and section 226.8(b)(4), must be included on the disclosure statement.

In approaching this question we must distinguish between charges due in the event of a late payment and those due because of *nonpayment.* A nonpayment charge accrues when an installment is *never paid* and the loan goes into default. The term "late payment," on the other hand, infers that the installment *is* eventually paid. The late payment charge therefore is simply one made to compensate the creditor for the loss of the use of his money during the period of the debtor's delay in paying a particular installment.

In the transaction before us, the one-quarter of 1% increase in the interest rate is not a late payment charge, but rather a nonpayment charge. Under the language of the promissory note, the added interest would only be due *during the period of default* by the debtor. It is *not* a charge owed because of tardiness in making a payment. In fact, the only late payment or delinquency charge here is a 5% penalty on any overdue monthly installments, and this is clearly disclosed in item K of the Estimated Disclosure Statement. Therefore, since sections 1639(a)(7), 15 U.S.C. and 226.8(b)(4), 12 C.F.R., only require the disclosure of late payment charges, and do not speak to nonpayment ones, defendant did not have to inform plaintiff of the one-quarter of 1% increase.

■ Plaintiff's final contention is that no disclosure is made (1) of the method of computing the unearned portion of the prepaid finance charge or (2) of a statement that no rebate would be made thereof, as mandated by the provisions of Regulation Z. Section 226.8(b)(7), 12 C.F.R., specifically requires disclosure of the following:

"Identification of the method of computing any unearned portion of the finance charge in the event of prepayment in full of an obligation which includes *precomputed finance charges* and a statement of the amount or method of computation of any charge that may be deducted from the amount of any rebate of such unearned finance charge that will be credited to an obligation or refunded to the customer. If the credit contract does not provide for any rebate of *unearned finance charges* upon prepayment in full, this fact shall be disclosed."

In the instant transaction, defendant's disclosure statement clearly did not reveal to plaintiff the method of computing any unearned portion of the prepaid finance charge or notify her that no rebate would be forthcoming in the event of prepayment. However, we find no violation here since there are no unearned precomputed finance charges. All of the closing costs listed in item D of the Estimated Disclosure Statement are excludable from the finance charge. Section 226.4, 12 C.F.R. Also, al-

---

**2.** See 433 F.Supp. at 631–32, footnote 8.

though the mortgage insurance premium of $223 and the loan origination fee of $223 (both disclosed in item B) are components of the finance charge, these are *earned,* not unearned, costs, and so do not fall under the language, *supra,* of Regulation Z. Thus, since there were no unearned finance charges in this loan transaction, no disclosure is required by section 226.8(b)(7).

Having determined that all of plaintiff's allegations are without merit, we hold that plaintiff is not entitled to recover. Judgment will be entered for the defendant. This memorandum constitutes our findings of fact and conclusions of law.