Jackie HIGHT, Appellant,

v.

JIM BASS FORD, INC., Appellee.

No. 12569.

Court of Civil Appeals of Texas,
Austin.

On Motion for Rehearing June 15, 1977.

Rehearing Denied June 29, 1977.

David Tim Edwards, Kever & Ratliff, San Angelo, for appellant.

George S. Finley, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for appellee.

SHANNON, Justice.

The opinion of this Court filed on May 25, 1977, is withdrawn, and the following opinion replaces it.

Appellant, Jackie Hight, sued Jim Bass Ford, Inc., appellee, in the district court of Tom Green County, for alleged violations of the "Texas Consumer Credit Code," Tex. Rev.Civ.Stat.Ann. art. 5069–7.02, and the "Federal Truth in Lending Act," 15 U.S. C.A. § 1638(a)(10) (1974). Appellant sought $2,868.60 as a penalty for the alleged violations. After trial to the court, a take nothing judgment was entered. We will affirm that judgment.

In 1975, appellant bought a used GMC "Sierra" from appellee on retail installment contract. The purchase price was $4,295 and the finance charge made by appellee was $934.30.

In his trial petition, appellant pleaded, *inter alia,* that appellee violated the statutes in the following respects:

(1) the place of business of the seller was not set out in the contract;

(2) the part of the installment contract which constituted an acknowledgment by the buyer of a receipt of a copy of the contract was not set out in ten-point bold type;

(3) the contract was not signed by the seller; and

(4) the contract did not contain a description of the security interest to be retained by the seller in connection with the transaction.

Appellant did not contend that the finance charge was incorrect.

The proof was that the installment contract form was furnished appellee by Ford Motor Credit Company. Although of no importance in the resolution of the appeal, it is of interest that Ford Motor Credit Company represented to dealers that the installment contract form complied with the Federal Truth in Lending Act and Consumer Credit laws.

The buyer's copy of the contract was not signed by Jim Bass Ford, Inc., although the name "Jim Bass Ford, Inc." was typed in at the place in the contract designated "seller." The original contract was signed by the Secretary-Treasurer of Jim Bass Ford, Inc., sometime after the trade had been made. The installment contract contained the post office box number of appellee instead of the street address.

Further proof was that appellee delivered the vehicle to appellant under the terms of the contract. At trial time appellant was making regular monthly payments pursuant to the contract. Appellant did not claim any actual damages resulted from the alleged violations of the statutes.

Before consideration of the points of error, it should be observed that the declared purpose of the Consumer Credit Code is to protect persons from unscrupulous operators, lenders, and vendors who perpetrate abusive and deceptive practices upon the public in the conduct of their businesses. In an effort to discourage those practices, Tex.Rev.Civ.Stat.Ann. art. 5069–8.01 imposes a stringent penalty for violations of the Consumer Credit Code. The penalty lays upon one, who fails to perform any duty specifically imposed on him by the Code, a forfeiture to the obligor of twice the amount of the finance charges provided in the contract and reasonable attorney's fees. The statute provides further that there shall be no penalty for violation which results from "an accidental and bona fide error."

Statutes imposing penalties are strictly construed, and one who seeks to recover a penalty must bring himself clearly within the terms of the statute. *Tenneco Oil Company v. Padre Drilling Company,* 453 S.W.2d 814 (Tex.1970). Any doubt as to the intention of the Legislature to punish the conduct of the party should be resolved in favor of the defendant. *Gulf, Colorado & S. F. Ry. Co. v. Dwyer,* 84 Tex. 194, 19 S.W. 470 (1892). Because the provisions of the Consumer Credit Code are penal in nature, those provisions, accordingly, are to be strictly construed.

Appellant maintains that the district court erred in entering the take nothing judgment because there is no evidence that appellee complied with the requirement of art. 5069–7.02(5) that the installment contract contain the "place of business of the seller." On the first page of the contract under consideration there appears a box with the printed words "Seller-Name and Address." Also, within the box the following typewritten information appears:

"Jim Bass Ford, Inc.
P. O. Box 3488
San Angelo, Texas 76901"

Appellant insists that "place of business" means appellee's street address and not the post office box number. The purpose of the provision requiring the name and "place of business" of the seller is to enable the buyer to locate the seller. In that connection Jim Bass Ford, Inc., has been in business in San Angelo for about fourteen years. This

Court knows judicially that San Angelo is not a city of great population or area. Moreover, appellant traded for the used vehicle at appellee's place of business and, of course, was aware of appellee's location. Under these circumstances, the inclusion of the post office address satisfies the purpose of the requirement of art. 5069–7.02(5) and is in substantial compliance with that statute.

■ By several points of error appellant claims that the court's finding of facts do not support the judgment because the court found that the part of the contract, which is the acknowledgment by the buyer of delivery of a copy of the contract, was printed in ten-point type, and not in ten-point *bold* type.

Texas Rev.Civ.Stat.Ann. art. 5069–7.02(4) provides that any acknowledgment by the buyer of delivery of a copy of the retail installment contract shall be in a size equal to at least ten-point *bold* type. The district court heard testimony from a printer and a professor of journalism with respect to the size of the type used in the acknowledgment section of the contract. The testimony was that it is so difficult to measure the difference between nine-point type and ten-point type that a microscope may have to be used. Appellant's expert witness stated that the type was nine-point in size. Appellee's expert, on the other hand, testified that the type was ten-point in size. The experts agreed that "bold" type is wider than "bold condensed" type. the part of the contract under consideration was printed in "bold condensed" type instead of "bold" type.

One purpose of the Consumer Credit Code is to discourage unscrupulous and sharp practices. The requirement regarding the size of the print is to facilitate ease in reading and to attract the attention of the party entering into the contract. Appellant was neither deceived nor harmed by the size of the print of the acknowledgment in the contract. The purpose of the statute would not be served by making an elephant from a flea. *De minimis non curat lex.*

■ It is true that the contract was not signed by the seller at the time of the trade between the seller and the buyer. No reason for the omission, other than clerical inadvertence, is suggested in the evidence. Appellant's point of error is overruled upon the basis that appellee's omission constituted "an accidental and bona fide error." Tex.Rev.Civ.Stat.Ann. art. 5069–8.01. See *Moore v. Sabine National Bank of Port Arthur,* 527 S.W.2d 209, 213 (Tex.Civ.App. 1975, writ ref'd n. r. e.), *Ratner v. Chemical Bank New York Trust Co.,* 329 F.Supp. 270 (S.D.N.Y.1971).

■ Finally, appellant urges that the judgment be reversed because appellee's contract failed to comply with the requirement of the Truth in Lending legislation that the contract describe the type of security interest claimed by the seller in the consumer's property. Appellee's contract provides:

"Seller shall have a security interest under the Uniform Commercial Code in the Property (described above) and in the proceeds thereof to secure the payment in cash of the Total of Payments and all other amounts due or to become due hereunder."

Appellant contends that this statement does not satisfy the requirements of 15 U.S.C. § 1638(a)(10) (1974). That section requires the seller to provide:

"A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates."

Appellant argues that appellee's description of the security interest retained is faulty because it does not describe the seller's right of repossession under the security interest. In construing 15 U.S.C. § 1639(a)(8), which contains the identical language as § 1638(a)(10), the United States Court of Appeals for the Fifth Circuit held that neither the Act nor the regulations thereunder impose upon the creditor the obligation to set forth a list of its rights as a secured party. *Grant v. Imperial Motors,*

539 F.2d 506 (5 Cir. 1976). The security interest retained by the creditor in that case was as follows:

"Holder retains security title to and a security interest in property until total of payments and any other indebtedness now or hereafter due or owing by Buyer to Holder, however and whenever incurred, is paid."

In *Grant* the Court held the above description of the security interest to satisfy the requirements of § 1639(a)(8).

Appellant asserts that *McDonald v. Savoy,* 501 S.W.2d 400 (Tex.Civ.App.1973, no writ), requires a reversal of the district court's judgment. The security interest retained in *Savoy* was stated as follows: "Seller is reserving a security interest in the above vehicle to secure this and any other debt Buyer may owe Seller or any subsequent Holder." The San Antonio Court of Civil Appeals was of the opinion that the ". . . mere recital that 'a security interest' is being retained falls short of satisfying the requirement that the security interest be described." The description of the security interest in the instrument in *Savoy* did not include the language, as does the instrument in the case at bar, ". . . a security interest under the Uniform Commercial Code . . ." The inclusion of the Term "under the Uniform Commercial Code" delimits somewhat the kind of security interest retained by appellee. In any event, as we understand *Grant v. Imperial Motors, supra,* neither the Act nor the regulations impose upon the seller the obligation to set forth a list of its rights as a secured party.

The judgment is affirmed.

Affirmed on Motion for Rehearing.