O. C. OLSON, d/b/a Southern Investment Company, Appellant,

v.

Canarlice HOLMES, Appellee.

No. 12770.

Court of Civil Appeals of Texas, Austin.

Aug. 30, 1978.

Rehearing Denied Oct. 4, 1978.

Robert F. Neal, Phillips & Neal, Austin, for appellant.

Stephen H. Gardner, Legal Aid and Defender Society of Travis County, Austin, for appellee.

SHANNON, Justice.

This is an appeal from a judgment entered by the county court at law of Travis County. Appellant is O. C. Olson doing business as Southern Investment Company and appellee is Canarlice Holmes.

Appellee's lawsuit stemmed from two "non-open-ended" consumer loans made by appellant to appellee. For one loan appellee signed a printed promissory note and security agreement dated June 13, 1975, in the sum of $58.00. For the other loan appellee signed another printed promissory note and security agreement dated August 14, 1975, also in the sum of $58.00. In her trial petition appellee claimed as basis for suit that the form of the promissory note and security agreement failed to make disclosures required by federal "Truth in Lending" legislation, 15 U.S.C. § 1639(a)(8) (1974), and regulations promulgated thereunder, 12 C.F.R. § 226.8. For the alleged failures to disclose appellee sought penalties and attorneys' fees. 15 U.S.C. § 1640 (1974).

Both parties filed motions for partial summary judgment. Upon hearing, the court denied appellant's motion and granted appellee's motion. The partial summary judgment established appellant's liability for violation of the disclosure statute and regulation. After further hearing to determine attorneys' fees, the court entered final judgment for appellee for $400.00.

As basis for judgment the county court at law concluded that the notes and security agreements: (1) failed to describe the type of security interest claimed by the creditor in the borrower's property and (2) the remedies of the creditor in the event of default were necessarily a part of the description of the security interest and should have been set out on the front side of the instrument instead of on the reverse side.

Appellant's security agreement provided:

"To secure payment of the foregoing obligation or any renewal of same, and to likewise secure payment of any other indebtedness now or hereafter owed lender by borrower, borrower hereby grants to lender a security interest, subject to the terms and conditions stated on reverse side hereof, in the personal property described hereinafter, together with any and all additions thereto and to all proceeds therefrom, all hereinafter collectively called 'Collateral.' "

On the reverse side of the security agreement, paragraph eight provided as follows:

"8. Upon any such default, and at any time thereafter, Secured Party may declare the entire balance of the indebtedness secured hereby, plus any other sums owed hereunder, immediately due and payable without demand or notice, less any refund due, and Secured Party shall have all the remedies of the Uniform Commercial Code. Thereupon, Borrower shall assemble the Collateral and make it available to Secured Party at a place to be designated by Secured Party which is reasonably convenient to both parties. Unless the Collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, Secured Party will give Borrower reasonable notice of the time and place of any public sale thereof or of the time after which any private sale or any intended disposition thereof is to be made. The requirement of reasonable notice shall be met if such notice is mailed, postage prepaid, addressed to Borrower at the address shown at the beginning hereof, at least five (5) days before the time of such sale or disposition. The proceeds of such sale shall be applied in the following order to: (a) the reasonable cost actually expended by Secured Party for repossessing, storing, or selling the Collateral; (b) satisfaction of indebtedness secured hereby and (c) satisfaction of indebtedness secured by any subordinate security interest in the Collateral if written notice of demand therefor is received before distribution of the proceeds is completed. Any surplus proceeds shall be paid to Borrower who shall be liable for any deficiency."

The trial court held that the quoted description did not satisfy the requirements of 15 U.S.C. § 1639(a)(8) and 12 C.F.R. § 226.-8(b)(5). Section 1639(a)(8) requires the creditor to provide:

"(8) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates."

The pertinent part of § 226.8(b)(5) is as follows:

"(5) A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates . . . ."

In construing § 1639(a)(8), the United States Court of Appeals for the Fifth Circuit has held that neither § 1639(a)(8) nor the regulations thereunder impose upon the creditor the obligation to set forth a list of its rights as a secured party. *Grant v. Imperial Motors,* 539 F.2d 506 (5th Cir. 1976). The security interest retained by the creditor in *Grant* was described as follows:

"Holder retains security title to and security interest in property until total of payments and any other indebtedness now or hereafter due or owing by Buyer to Holder, however and whenever incurred, is paid."

The Court in *Grant* held the description of the security interest to satisfy the re-

quirements of § 1639(a)(8). This Court followed *Grant* in *Hight v. Jim Bass Ford, Inc.*, 552 S.W.2d 490 (Tex.Civ.App.1977, writ ref'd n. r. e.).

Appellee insists that *McDonald v. Savoy*, 501 S.W.2d 400 (Tex.Civ.App.1973, no writ), and its progeny require affirmance of the judgment.

The security interest in *Savoy* was stated as follows:

> "Seller is reserving a security interest in the above vehicle to secure this and any other debt Buyer may owe Seller or any subsequent Holder."

The San Antonio Court of Civil Appeals in *Savoy* was of the opinion that the ". . . mere recital that 'a security interest' is being retained falls short of satisfying the requirement that the security interest be described." *Savoy* was decided before the Court of Appeals in *Grant* construed § 1639(a)(8) and the regulations thereunder.

This appeal involves, of course, rights conferred by federal statute and regulation. Accordingly, our determination of the appeal should be governed by the federal courts' construction of the statute and regulation. See *Galveston H. & S. A. Ry. Co. v. American Grocery Co.*, 122 Tex. 1, 36 S.W.2d 985, 989 (1931); *Deep South Oil Co. of Texas v. Texas Gas Corp.*, 328 S.W.2d 897 (Tex.Civ.App.1959, writ ref'd n. r. e.). As we understand *Grant v. Imperial Motors, supra*, neither the statute nor the regulations impose upon the seller the obligation to set forth a list of its rights as a secured party. See *Hight v. Jim Bass Ford, Inc., supra*.

The trial court also concluded that paragraph eight of appellant's instrument, which set out the remedies of the creditor in the event of default, should have been placed on the front side of the instrument because those remedies were necessarily a part of the description of the type of security interest taken. Since *Grant* holds that a listing of the creditor's rights is not required by statute or regulation, the fact that appellant unnecessarily listed his reme-dies as a creditor on the reverse side of the instrument is not a violation of the statute or regulation.

The judgment is reversed and judgment is here rendered that appellee take nothing. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 376 (Tex.1958).