**Canarlice HOLMES, Petitioner,**

v.

**O. C. OLSON, d/b/a Southern Investment Company, Respondent.**

**No. B–8011.**

Supreme Court of Texas.

Oct. 3, 1979.

Legal Aid Society of Central Texas, Stephen Gardner, Austin, for petitioner.

Law Offices of Travis R. Phillips, Robert F. Neal, Austin, for respondent.

PER CURIAM.

The present suit arises from a consumer credit transaction. Canarlice Holmes filed suit seeking to recover statutory penalties from O. C. Olson, d/b/a Southern

Investment Company alleging a failure to make disclosures required by federal "Truth-in-Lending" legislation. The trial court agreed with Holmes holding that the security agreement did not adequately describe the security interest held by the creditor as required by 15 U.S.C. § 1639(a)(8) and 12 C.F.R. § 226.8(b)(5). The Court of Civil Appeals, however, reversed the judgment of the trial court holding the security interest adequate to satisfy the requirements of the federal statute and the regulations promulgated thereunder. 571 S.W.2d 211. In reaching its decision, the Court of Civil Appeals chose to rely on *Grant v. Imperial Motors,* 539 F.2d 506 (5th Cir. 1976) rather than the prior opinion of another Court of Civil Appeals, *McDonald v. Savoy,* 501 S.W.2d 400 (Tex.Civ.App.—San Antonio 1973, no writ). The Austin Court of Civil Appeals determined that its review of the federal statute and regulations should be governed by the federal court's construction. We agree with the Court of Civil Appeals and disapprove the opinion in *McDonald v. Savoy* to the extent it conflicts with *Grant v. Imperial Motors* and the present opinion of the Austin Court of Civil Appeals.

In her application for writ of error, Holmes also asserts that the present opinion conflicts with *Casillas v. Government Employees Credit Union of El Paso,* 570 S.W.2d 57 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.). In *Casillas,* the El Paso Court of Civil Appeals concluded that the creditor had violated the Federal Act. *Casillas,* however, is distinguishable. In *Casillas,* the El Paso Court of Civil Appeals found two separate violations of the Federal Act. Only one violation depended on the holding in *McDonald v. Savoy.* Since a plaintiff under the Federal Act is limited to a single recovery regardless of the number of violations committed, we refused the application for writ of error with the notation n. r. e. Our writ notation, therefore, should not be interpreted as approving the pertinent portion of the *McDonald* opinion.

The judgment of the Court of Civil Appeals is correct and accordingly the application for writ of error is refused n. r. e.