**Jan DOWNEY, Plaintiff-Appellee,**

v.

**WHALEY–LAMB FORD SALES, INC., Defendant-Appellant.**

No. 77–2702.

United States Court of Appeals, Fifth Circuit.

Dec. 3, 1979.

---

Morton P. Levine, Burgess W. Stone, Atlanta, Ga., for defendant-appellant.

G. W. Florence, Jr., Atlanta, Ga., for plaintiff-appellee.

Before COLEMAN, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

Jan Downey filed suit against Whaley-Lamb Ford Sales, Inc. (Whaley-Lamb) in the United States District Court for the Northern District of Georgia for alleged violations of the Truth in Lending Act, 15 U.S.C.A. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226.1 *et seq.*, promulgated thereunder. The district court granted judgment in favor of Downey for statutory penalties and attorney's fees. We reverse.

This action arose out of Downey's purchase of an automobile from Whaley-Lamb under a retail installment contract. The disclosure statement in the contract contained a section entitled "Other Charges," and listed in this section was a $2.00 charge for "License, Title, and Registration Fees." This charge was composed of a $1.00 fee for a license tag transfer and a $1.00 fee for the transfer of the certificate of title. The issue on appeal is whether these fees were properly itemized in compliance with the disclosure requirements of the Truth in Lending Act and the regulations.

The district court first held that Whaley-Lamb had met the disclosure requirements imposed by the Act and regulations, but was then persuaded to reverse this ruling in light of subsequent decision of this court in *Grant v. Imperial Motors,* 539 F.2d 506 (5th Cir. 1976), and *Meyers v. Clearview Dodge*

*Sales, Inc.,* 539 F.2d 511 (5th Cir. 1976). In our opinion, the district court's first determination was correct, and *Grant* and *Meyers* do not require a different result.

Section 226.4(b) of Regulation Z allows a creditor to exclude certain charges from the finance charge if they are "itemized and disclosed to the customer." One of the types of charges listed in this section is "License, certificate of title, and registration fees imposed by law." Regulation Z § 226.4(b)(4). The instructions as to itemization are further developed in § 226.8(c) of the regulations, which provides:

> In the case of a credit sale, in addition to the items required to be disclosed under paragraph (b) of this section, the following items, as applicable, shall be disclosed:

> (4) All other charges, *individually itemized,* which are included in the amount financed but which are not part of the finance charge.

(Emphasis added.)

The disclosure statement involved here did include the $2.00 charge for "License, Title, and Registration Fees" in the "Other Charges" portion which was apart from the finance charge. However, Downey contends that these fees were not "individually itemized" because they were not broken down into the components of the license fee ($1.00), the title fee ($1.00), and the registration fee ($0.00). We do not construe the regulations as requiring a creditor to go to such extremes. Nor do our prior opinions dictate such a construction.

In *Starks v. Orleans Motors, Inc.,* 372 F.Supp. 928 (E.D.La.), *aff'd* 500 F.2d 1182 (5th Cir. 1974), the court held that a $15.00 charge for license, title, and registration should either have been included in the finance charge or itemized. However, the truth in lending violation in that case consisted of the inclusion of such a charge in the cash price, a practice clearly disallowed by the act and the regulations. *Starks* did not hold that it was necessary to break the

charge down into the three separate components.[1]

Similarly, in *Meyers v. Clearview Dodge Sales, Inc., supra,* the defendant included a $15.00 charge for "tag, title, and fees" in the cash price. We found a violation, stating that "[s]ection 226.4(b)(4) clearly requires the itemization and separate disclosure of the *charge* for 'tag, title and fees.'" 539 F.2d at 518 (emphasis added). By using the word "charge," we indicated that a lump sum disclosure of these fees is permissible.

*Grant v. Imperial Motors, supra,* is also distinguishable from the case at hand. *Grant* is a consolidated opinion in three cases of alleged truth in lending violations. It is the portion of the opinion dealing with the case of *Gordon v. Backus Cadillac-Pontiac, Inc.* that is relevant to our present determination. Backus had listed a $16.00 charge for tag and title registration in the "other charges" section of the disclosure statement, but under the hearing of "official fees." The infraction there was the failure to "itemize the official fees." Backus' error was not in failing to give a break-down of the $16.00 charge, but rather in disclosing this charge under an improper heading. "Official fees" is another of the distinct categories set out in § 226.4(b). Therefore, the inclusion of the charge for tag and title registration under "official fees" constituted the specific violation of this section of the regulations.

■ It is thus apparent that this court has never before confronted the precise issue involved in the instant case. However, the Federal Reserve Board, the agency which actually promulgated Regulation Z, was asked for a determination as to whether license, title, and registration fees each had to be separately itemized in order to qualify for the exclusion from the finance charge. The Board responded as follows:

> Staff is of the opinion that the three components within Section 226.4(b)(4) need not be separately itemized; if a creditor discloses a total fee comprising the three components and indicates the types of fees included within that total, such fee qualifies for exclusion from the finance charge. F.R.B. Official Staff Interpretation No. FC–0124, Nov. 8, 1977, Kluckman, CCH Consumer Credit Guide, Transfer Bind, ¶ 31,724.

Although this interpretation by the Federal Reserve Board is not binding on the court, it is "entitled to great weight, for [it] constitute[s] part of the body of 'informed experience and judgment of the agency to whom Congress delegated appropriate authority.'" *Philbeck v. Timmers Chevrolet,* 499 F.2d 971, 976 (5th Cir. 1974) (citation omitted).

■ We believe that the Federal Reserve Board opinion is sound and is logically based on the language contained in Regulation Z. While we recognize the court's responsibility to construe the act and regulations favorably to the consumer, *Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 377, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973), we must not blindly follow such a course if in doing so we lose sight of the purpose behind truth in lending legislation. Separate itemization of license, title, and registration fees would not contribute to the informed use of credit or enable the consumer "to compare more readily the various credit terms available to him." 15 U.S.C.A. § 1601. Indeed, these particular fees are set by state law and have little significance in terms of "credit shopping."

---

1. In apparent dicta Judge Rubin also analyzed whether a disclosure of the charge for tag, title and registration on the sales order would satisfy Regulation Z. Because the disclosed amount exceeded the actual cost of tag, license and registration fees in Louisiana, Judge Rubin held that the creditor had failed to disclose a "hidden finance charge" and therefore violated 12 C.F.R. 226.8(c)(8). He concluded this discussion by stating that "[i]n addition, any itemization must be on the disclosure statement, not on a separate document such as a sales order." The clear implication of this language, taken as a whole, is that the itemization of a single charge for license, title, and registration fees is proper where, as in the instant case, such disclosure is made on the disclosure statement and the disclosed amount does not contain a "hidden finance charge."

■ We conclude, then, that "License, Title, and Registration Fees" are an "individual item" within the meaning of § 226.-8(c)(4), and that Whaley-Lamb complied with the regulations.

REVERSED.