Timothy H. JOHNSON,
Plaintiff–Appellant,

v.

JOHNSON CHEVROLET, INC.,
Defendant–Appellee.

No. 80–7366

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Dec. 29, 1980.

Perloff, Reid & Gibbons, Mayer W. Perloff, Mobile, Ala., for plaintiff–appellant.

Richard T. Dorman, Charles R. Mixon, Jr., Mobile, Ala., for defendant–appellee.

Before RONEY, FRANK M. JOHNSON, Jr., and HENDERSON, Circuit Judges.

PER CURIAM:

Timothy Johnson appeals the dismissal of his action against Johnson Chevrolet, Inc. for alleged violations of the Truth–In–Lending (TIL) Act. A motion for summary judgment was granted in favor of Johnson Chevrolet, Inc. on the grounds that Johnson had already recovered the maximum statutory penalty allowed in 15 U.S.C.A. § 1640(a)(2)(A) (1974)[1] for the violation complained of.

By an installment sales contract, Johnson purchased a pick–up truck from the appellee dealership. The installment contract was routinely assigned to General Motors Acceptance Corporation (GMAC). Under the terms of the agreement, the dealer retained a security interest in the property described therein[2] and any proceeds to se-

---

1. Title 15 U.S.C.A. § 1640(a)(2)(A) states:

(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of–

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, or (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000.00. . . .

2. In this affidavit, attached to his motion for summary judgment, Johnson stated that the new 1979 Chevrolet vehicle, subject of the installment sales contract, was to be used solely for family or household uses.

cure performance of Johnson's obligation under the contract. On the reverse side, under additional terms, the seller reserved a security interest in the property, obligated the buyer to obtain physical damage insurance and required the proceeds of that insurance to be applied toward replacement of the property or payment at the option of the seller. Johnson contends that this contract, both in its content and its form, violates the TILA and Regulation Z.[3]

Johnson filed suit initially against GMAC, but the action was resolved through settlement. Pursuant to a joint stipulation dated March 21, 1980, GMAC paid the appellant $1,000.00 "in full settlement and satisfaction of any and all claims ... embraced in that certain action ..." of Johnson against GMAC. Additionally, GMAC released all rights it had against Johnson growing out of its counterclaim against him.[4] Neither party admitted liability for any of the obligations from which it was released.

Interrogatories propounded in the present action which was filed during the pendency of the GMAC suit, questioned the appellant with regard to the GMAC suit and its settlement. Johnson stated that the challenged installment sales contract had been the subject of the prior litigation also. He acknowledged his release of claims against GMAC, but added that in the settlement he had received no monies from GMAC other than the payment of his attorney's fees. An additional affidavit, filed in connection with appellant's motion for summary judgment, supported this testimony. The affiant, an attorney for GMAC during the prior litigation, corroborated the terms of the settlement and added that each party had paid his own costs.

After examining the terms of the GMAC release, the district judge concluded that Johnson had already recovered the maximum penalty allowed by the statute, 15 U.S.C. § 1640(a)(2)(A) and § 1640(a)(3), for the alleged TIL violations. The judge denied the appellant's motion for summary judgment and granted summary judgment to the appellee in light of *Meyers v. Clearview Dodge Sales, Inc.*, 539 F.2d 511 (5th Cir. 1976) *cert. denied* 431 U.S. 929, 97 S.Ct. 2633, 53 L.Ed.2d 245 (1977), which holds that in multiple creditor situations, the plaintiff is entitled to only one statutory penalty, for which each creditor is jointly and severally liable.

■ Johnson charges that the summary judgment in favor of the appellee was improvidently granted, and that, in fact, he was entitled to prevail on his motion for summary judgment given his unrebutted evidence that the $1,000.00 settlement went for attorney's fees. In a recovery under 15 U.S.C. § 1640(a)(3) for TIL violations, attorney's fees and costs are allowable in addition to the statutory penalty. *Williams v. Public Finance Corp.*, 598 F.2d 349 (5th Cir. 1979); *Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357 (5th Cir. 1979); *Hammond v. Public Finance Corporation*, 568 F.2d 1362 (5th Cir. 1978); *Tarplain v. Baker Ford, Inc.*, 466 F.Supp. 1340 (D.R.I.1979); *Rogers v. Frank Jackson Lincoln–Mercury*, 458 F.Supp. 1387 (N.D.Ga. 1978). This is true even when the total combined damages exceeds the maximum

---

**3.** Johnson maintains that the contract is invalid in substance because a security interest which must be disclosed is created whenever the creditor has the "sole discretion" to apply returned or unearned premiums on required physical damage insurance toward payment of the indebtedness. *Edmondson v. Allen–Russell Ford, Inc.*, 577 F.2d 291, 294 (5th Cir. 1978), *cert. denied*, 441 U.S. 951, 99 S.Ct. 2180, 60 L.Ed.2d 1057 (1979). In the contract under consideration the dealership had the right to apply the proceeds of the physical damage insurance toward replacement of the property or the underlying obligation "at the option of the seller", yet the dealership did not disclose any security

interest. Johnson submits that this constituted a violation under Edmondson. He further insists that the placement of the option paragraph on the reverse side of the installment contract is in direct violation of the format requirements in the TILA and Regulation Z as explained in *Harris v. Tower Loan of Mississippi, Inc.*, 609 F.2d 120, 123 (5th Cir. 1980) (appeal pending).

**4.** The district court states that GMAC relieved Johnson from any liability he would have incurred for his default in the terms of the installment contract.

statutory amount. Johnson claims that, since the affidavits show that his prior award was for attorney's fees only, he is entitled to summary judgment for the statutory penalty against Johnson Chevrolet as a matter of fact and law, even though the total damages would then exceed $1,000.00.

 Johnson Chevrolet, Inc. challenges the use of parol evidence to alter or explain the terms of the general release agreement. It is the dealer's position that the affidavits are not competent evidence and, absent the affidavits, there is no genuine issue of fact raised as to the nature of the $1,000.00 payment. Under Alabama law, which governs here, parol evidence is admissible only if the written release is so unclear or ambiguous that the parties' intent cannot be determined. *Johnson–Rast & Hayes, Inc. v. Cole*, 294 Ala. 32, 310 So.2d 885, 889 (1975). The GMAC release neglected to state the purpose of the $1,000.00 payment. This failure makes the release ambiguous in light of the different elements of recovery possible under 15 U.S.C. § 1640 and permits resort to parol evidence. Johnson's unrefuted answers to interrogatories and affidavits secured from participants on each side of the settlement establish the possibility that no part of the statutory penalty has yet been paid. If so, Johnson Chevrolet, Inc. cannot claim under the *Meyers* principle that its liability has been discharged by GMAC with whom it is jointly and severally liable for the single statutory penalty. This issue of fact precludes a valid summary judgment in favor of the appellee.

We are mindful that no court has yet passed on the merits of the TIL charges. In its settlement agreement, GMAC disclaimed any liability for the cause of action pending against it. The district court never addressed the merits of the charge once it held preliminarily that the maximum penalty for any alleged violation had already been recovered. We reverse the summary judgment in favor of Johnson Chevrolet, Inc. and remand the case for an evidentiary hearing to determine whether plaintiff has received the maximum penalty, and, if not, for a determination on the merits of the TIL charge and the concomitant prayer for the statutory penalty.

REVERSED.