Eloy ZAMARIPPA, Mara Bella Zamarippa and Pedro Delgado, Plaintiffs-Appellants,

v.

CY'S CAR SALES, INC., a Florida corporation, and Barnett Bank of Homestead, a Florida Banking Corporation, Defendants-Appellees.

No. 81–5508.

United States Court of Appeals, Eleventh Circuit.

April 30, 1982.

---

Michael R. Masinter, Nova Univ. Law School, Fort Lauderdale, Fla., Robert M. Hustead, Fla. Rural Legal Serv., Homestead, Fla., for plaintiffs-appellants.

Turner, Hodson, Watkins & Lynn, Thomas R. Weller, Homestead, Fla., for defendants-appellees.

Before INGRAHAM *, HATCHETT and ANDERSON, Circuit Judges.

INGRAHAM, Circuit Judge:

Appellants Eloy Zamarippa, Mara Zamarippa and Pedro Delgado appeal from a final judgment denying them relief for alleged violations of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq., and its implementing regulation, Regulation Z. 12 C.F.R. Part 226 (1981). Appellees are Cy's Car Sales, Inc., and the Barnett Bank of Homestead, dealer and lending institution in this dispute. We reverse and direct entry of judgment for appellants.

■ Appellants purchased a used truck from Cy's Car Sales in June 1979. In connection with the sale the dealer prepared a "Used Car Order" and "Security Agreement." The security agreement was stipulated to be the disclosure statement required by the TILA. The used car order contained an $8.00 item labeled "filing," which was stipulated to represent a title transfer fee. The total purchase price as calculated on the used car order, including this $8.00 item, is reflected on the security agreement as a "cash price" of $6300. Thus, the title transfer fee is included in the cash price, rather than the finance charge, and is not separately itemized or disclosed on the security agreement.

This inclusion as just described is a clear violation of the TILA and Regulation Z, specifically 12 C.F.R. §§ 226.2(n) ("cash price") & 226.4(b)(4) (license, title and registration fees need not be included in finance charge if separately disclosed). *See Grant v. Imperial Motors*, 539 F.2d 506, 510 (5th

---

* Honorable Joe Ingraham, U. S. Circuit Judge for the Fifth Circuit, sitting by designation.

Cir. 1976); *Meyers v. Clearview Dodge Sales, Inc.,* 539 F.2d 511, 518–19 (5th Cir. 1976), *cert. denied sub nom. Chrysler Credit Corp. v. Meyers,* 431 U.S. 929, 97 S.Ct. 2633, 53 L.Ed.2d 245 (1977). *Cf. Downey v. Whaley-Lamb Ford Sales, Inc.,* 607 F.2d 1093 (5th Cir. 1979) (creditor complies with Act by separately itemizing "license, title and registration fees" category apart from cash price or finance charge). Further, as *Grant* holds in this specific context, the statutory civil penalties must be imposed for such a violation regardless of the district court's belief that no actual damages resulted or that the violation is de minimis. 539 F.2d at 510–11.

■ Appellees argue, however, that the protection of the TILA should not be extended to these consumers because they could not read, speak or understand English and accordingly that no amount of disclosure would have informed them of the terms on which credit was offered. We reject this argument.[1] The district court correctly held that appellants' rights under the Act were not affected by the fact that they did not read, speak or understand English. An objective standard is used to determine violations of the TILA, based on the representations contained in the relevant disclosure documents; it is unnecessary to inquire as to the subjective deception or misunderstanding of particular consumers. *Smith v. Chapman,* 614 F.2d 968, 971 (5th Cir. 1980). Appellees have not suggested that adequate disclosure in English would never be of benefit to Spanish-speaking consumers, who could, for example, have the documents translated or explained to them. We cannot allow the appellees to evade the requirements of the TILA and Regulation Z on the fortuity that some consumers are better able to evaluate the information than others.

■ Because appellants are entitled to recover civil penalties on the foregoing ground, we need not address the further

issue of identification of the Barnett Bank of Homestead as a creditor. The TILA permits only one penalty per transaction regardless of the number of violations within the single transaction. 15 U.S.C.A. § 1640(g) (Supp.1980); *Friend v. Termplan Inc.,* 651 F.2d 1012, 1014 (5th Cir. 1981). This will not affect the bank's liability, of course, in view of the parties' stipulation that both appellees are "creditors" as defined by the TILA and are jointly and severally liable for any violations stemming from this transaction. *See Johnson v. Johnson Chevrolet, Inc.,* 633 F.2d 716, 718 (5th Cir. 1980), *citing Meyers v. Clearview Dodge Sales, Inc.,* 539 F.2d 511, 514 (5th Cir. 1976), *cert. denied sub nom. Chrysler Credit Corp. v. Meyers,* 431 U.S. 929, 97 S.Ct. 2633, 53 L.Ed.2d 245 (1977); *McCain v. Clearview Dodge Sales, Inc.,* 574 F.2d 848, 850 (5th Cir. 1978).

The district court is directed to enter judgment for appellants in accordance with this opinion, and calculate an award for each of the appellants under 15 U.S.C. § 1640(a)(2)(A)(i) and (a)(3). *See White v. World Finance of Meridian, Inc.,* 653 F.2d 147, 152 (5th Cir. 1981); *Davis v. United Companies Mortgage & Investment of Gretna, Inc.,* 551 F.2d 971, 972–73 (5th Cir. 1977).

REVERSED and REMANDED with instructions.

---

1. Although appellees' argument has apparently not been explicitly considered in the Fifth or Eleventh Circuits, we have allowed recovery to a plaintiff who was unable to comprehend TILA disclosures because of inability to understand English. *Sosa v. Fite,* 498 F.2d 114, 116 (5th Cir. 1974).